13945

KINSEY v. SOUTHERN RY. CO.

(177 S. E., 149)

*Mr. Frank G. Tompkins,* for appellant,

*Messrs. U. L. Rast* and *C. T. Graydon,* for respondent.

November 14, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought to recover the penalty provided by Section 8470 for violation of Section 8295 of the Code of 1932. The following is the gist of the wrong complained of: "That on or about the 27th day of August, 1933, the plaintiff herein went to the office of the defendant and attempted to purchase from the defendant a half-fare to get from Columbia, S. C., to Summerville, S. C., and that said agent of the defendant negligently, wilfully, unlawfully and in violation of the statutory laws of South Carolina, charged the plaintiff an excessive and exorbitant fare for said ticket, the correct fare being One and 8/100 ($1.08) Dollars, and the plaintiff was charged One and 30/100 ($1.30) Dollars, and that by said exorbitant charge and by receiving the same the defendant is guilty of a violation of the laws of the State of South Carolina with fares and rates and that under and by virtue of the laws of the State of South Carolina for such violation the plaintiff is entitled to recover the sum of One Thousand ($1,000.00) Dollars and the costs of this action and that said statute further provides that the minimum amount that may be so collected."

The defendant company denied the material allegations of the complaint, and alleged "that the plaintiff did on the date in question request and purchase a half-fare ticket from the defendant from Columbia to Charleston and return, for which she was charged the regular excursion rate of one dollar and thirty cents." The trial of the case resulted in a verdict for the plaintiff for $250.00.

The appellant imputes error to the trial Judge in overruling its motions for a nonsuit and for directed verdict made on the ground that there was no evidence that the plaintiff had been overcharged for the ticket which she bought or that there was any willfulness or gross negligence on the part of the defendant. The decision of this question will dispose of the appeal.

The plaintiff testified that, wishing to send her half-sister who was about eight years of age, to her home at Summer-

ville, on defendant's early Sunday morning train, August 27, 1934, she phoned the ticket office at the Union Station in Columbia on Saturday, the 26th, at about 7:30 p. m., and inquired what a half-fare ticket from Columbia to Summerville would cost, and was informed that it was $1.08 on Sundays; that very early the next morning she and her sister, accompanied by a girl friend, went to the station, and that she was told by the agent at the office, upon inquiry by her, that the train was due to leave at 4:10; that she then "laid the $1.08 down and told them I wanted a half ticket to Summerville for a child eight years old"; that the agent looked at the little girl and stated that the fare had gone up; and that he required the plaintiff to pay $1.30 for the half-fare ticket to Summerville which she had requested him to sell her. She was corroborated in this by her witness Margaret Radford, who was present and claimed to have heard the conversation.

W. O. Davis, a witness for the defendant, testified that he had sold tickets at the Union Station "for as long as nine years"; that he was familiar with the fares from Columbia to Summerville and to other points, and understood the terms of the tariff referred to by the plaintiff; that if she had asked him, as she said she did, what the half-fare to Summerville was, he would have told her, the Sunday excursion rates being then on, $1.10 and not $1.08; that he was on duty at the ticket office from 3 o'clock to 11 o'clock p. m., on the day she claimed she phoned the office, but that he had no recollection of her having done so.

G. O. Schultz stated that he was on duty at the ticket office at the time the plaintiff, with her sister and her friend, came to the window the Sunday morning in question for the purpose of buying a ticket for the little girl. He denied, however, that any such conversation took place between them as was testified to by her, but stated that she asked him when would the train leave for Charleston, and that he told her at 4:10; that thereupon she said that she wanted to purchase

a ticket for the little girl, who was under twelve years of age, and, pursuant to such request, he stamped the ticket for Charleston; that she then laid down $1.08, and when he told her the fare was $1.30, she inquired whether the price had gone up; and that he informed her it had not. He further testified that the fares referred to were a round-trip Sunday excursion rate or a straight fare ticket. He also stated that the plaintiff did not request him to sell her a ticket to Summerville; that if she had done so, he would have sold it to her for $1.10, which was the excursion rate then on, and which any one was entitled to who asked for it.

We think the Court properly submitted the case to the jury. The testimony, as is seen, was in sharp conflict as to whether plaintiff requested defendant's agent to sell her a ticket to Summerville or to Charleston. If to Summerville, as claimed by her, it is undisputed that she would not have been required to pay more than $1.10, which, admittedly, was the amount the defendant charged any other person for a similar ticket. Also, it was clearly inferable from what the plaintiff and her witness swore to, the truth of which was a matter for the jury, that the company was guilty of negligence or willfulness in doing what it did. To put it a different way, more than one inference could be drawn from the testimony.

All exceptions are overruled, and the judgment of the Court below is affirmed.

MESSRS. JUSTICES CARTER and BONHAM concur.